| | |
|---|---|
| SEAN MACKINNON,<br><br>   Plaintiff,<br><br> v.<br><br>C. GRAY, *et al.*,<br><br>   Defendants. | Case No. 1:18-cv-00964-DAD-JDP<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF BE PERMITTED TO PROCEED ON COGNIZABLE CLAIMS AND THAT NON-COGNIZABLE CLAIMS BE DISMISSED WITH LEAVE TO AMEND<br><br>OBJECTIONS, IF ANY, DUE IN 14 DAYS<br><br>ECF No. 1 |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Sean MacKinnon is a state prisoner proceeding with counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, filed July 16, 2018, is before the court for screening under 28 U.S.C. § 1915A. The court finds that plaintiff has stated cognizable failure-to-protect claims against defendants C. Gray, Melero, and A. Murrieta. The court will recommend that plaintiff's remaining claims be dismissed without prejudice and that he be granted leave to amend the complaint should he wish to do so.

**I. SCREENING AND PLEADING REQUIREMENTS**

A district court is required to screen a prisoner's complaint seeking relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of a complaint that is frivolous or

1

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

**II.     COMPLAINT[1]**

At all times relevant to the complaint, plaintiff was incarcerated at California Substance Abuse Treatment Facility - Corcoran ("SATF") in Corcoran, California. ECF No. 1 ¶ 11. He names three defendants, all of whom worked at SATF: correctional lieutenant C. Gray, correctional sergeant Melero, and correctional officer A. Murrieta. *Id.* ¶¶ 12-14.

Plaintiff alleges that on August 9, 2017 at about 7:30 a.m., an inmate named Hill was "intoxicated and under the influence of illegally manufactured alcohol." *Id.* ¶ 19. Hill started fights with various inmates and insulted and slapped plaintiff. *Id.* ¶¶ 19-20. Correctional

---

[1] The court draws the facts of this section from plaintiff's complaint, ECF No. 1, and accepts them as true for screening purposes.

2

officers ultimately intervened and led Hill out of the building. *Id.* ¶ 20. As Hill was being escorted away, he told plaintiff that "he was coming back for him specifically while making kicking gestures toward Plaintiff." *Id.*

After Hill had been removed, defendants Gray and Melero interviewed plaintiff. *Id.* ¶ 21. "Plaintiff informed them that he felt threatened by Hill and that his return to the housing unit would create risks of harm." *Id.* Defendants responded that Hill would not be returned to plaintiff's housing unit. *Id.* Nonetheless, at about 11:00 a.m., plaintiff learned that Hill had returned to the housing unit. *Id.* ¶ 22. Plaintiff saw Hill once again creating "chaos" and notified the correctional officers who sounded an alarm. *Id.* "Plaintiff complied with the Get Down rules and sat down where he was with his back to a wall." *Id.*

Defendant Murietta took Hill into custody and attempted to escort him out of the building. *Id.* ¶ 24. "Instead of clearing a safe path out of the building, Defendant Murietta led Hill directly to where Plaintiff was seated." *Id.* Hill broke free from Murietta and kicked plaintiff's head, causing injuries. *Id.* ¶¶ 25-28.

Plaintiff brings claims against all defendants for failure to protect in violation of the Eighth Amendment and for negligence under state law. *Id.* at 7-10. Plaintiff seeks money damages. *Id.* at 10-11.

**III.   DISCUSSION**

   **A. Requirements Under 42 U.S.C. § 1983**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill*., 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018). As for the second method, the plaintiff can establish a causal connection by showing

that the defendant "set[] in motion a series of acts by others, or by knowingly refus[ing] to terminate a series of acts by others," which the defendant "knew or reasonably should have known would cause others to inflict a constitutional injury." *Id*.

Defendants are state-prison employees who, accepting plaintiff's allegations as true, can be inferred to have acted under color of state law. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))). Plaintiff has plausibly alleged that each defendant personally participated in or caused the alleged deprivation. Plaintiff alleges that Gray and Melero permitted Hill to return to plaintiff's housing unit and that Murietta allowed Hill to break free and attack plaintiff. *Id.* ¶¶ 24-28, 41-42. The remaining question is whether defendants' alleged actions (1) violated federal law and (2) constitute a viable claim under state law.

**B. Failure to Protect in Violation of the Eighth Amendment**

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must prove that prison officials were "deliberately indifferen[t]" to serious threats to his or her safety. *See Farmer*, 511 U.S. at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to an inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (explaining that subjective deliberate indifference standard under the Eighth Amendment is well established). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *See Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995).

4

Here, accepting plaintiff's allegations as true, the court finds that plaintiff has stated cognizable Eighth Amendment failure-to-protect claims against each defendant. Gray and Melero were aware that Hill posed a threat to plaintiff yet nonetheless permitted Hill to return to plaintiff's housing unit. ECF No. 1 ¶¶ 41-42. Murrieta likewise put plaintiff in harm's way by failing to assume sufficient control of Hill as he escorted Hill by plaintiff. *Id.* ¶ 45. Defendants' actions resulted in Hill injuring plaintiff. *Id.* ¶¶ 25-28.

### C. Negligence

The California Government Claims Act requires that a tort claim against a public entity or its employees be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim and action on or rejection of the claim are conditions precedent to suit. *DiCampli-Mintz v. Cnty. of Santa Clara*, 55 Cal.4th 983, 989-90 (2012); *see also Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with California's Government Claims Act. *DiCampli-Mintz*, 55 Cal. 4th at 990; *see also Mangold*, 67 F.3d at 1477.

Plaintiff alleges that defendants were negligent under state law, ECF No. 1 ¶¶ 55-62, but he has not alleged compliance with the Government Claims Act. Accordingly, plaintiff has failed to allege sufficiently any state-law tort claims. Plaintiff should be granted leave to file an amended complaint to address the deficiencies in these claims.

### IV. FINDINGS AND RECOMMENDATIONS

Under 28 U.S.C. § 636(c)(1), all parties named in a civil action must consent to a magistrate judge's jurisdiction before that jurisdiction vests for "dispositive decisions." *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). No defendant has appeared or consented to a magistrate judge's jurisdiction, so any dismissal of a claim requires an order from a district judge. *Id.* Thus, the undersigned submits the following findings and recommendations to a United States District Judge under 28 U.S.C. § 636(b)(l):

1. Plaintiff states failure-to-protect claims against defendants C. Gray, Melero, and A. Murrieta.
2. Plaintiff's remaining claims should be dismissed without prejudice, and plaintiff should be granted leave to amend the complaint.
3. If plaintiff files an amended complaint, defendants C. Gray, Melero, and A. Murrieta should not be required to respond until the court screens the amended complaint.

Within fourteen days of service of these findings and recommendations, plaintiff may file written objections with the court. If plaintiff files such objections, he should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: May 13, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 203