UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN MACKINNON,<br><br>          Plaintiff,<br><br>    v.<br><br>C. GRAY, *et al.*,<br><br>          Defendants. | Case No. 1:18-cv-00964-DAD-JDP<br><br>ORDER VACATING MAY 14, 2019 FINDINGS AND RECOMMENDATIONS<br><br>SCREENING ORDER<br><br>ORDER FINDING COGNIZABLE CLAIMS, FINDING SERVICE OF FIRST AMENDED COMPLAINT APPROPRIATE, AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS<br><br>ECF No. 12 |

      Plaintiff Sean MacKinnon is a state prisoner proceeding with counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff filed his original complaint on July 16, 2018. ECF No. 1. On May 14, 2019, the court screened this complaint and issued findings and recommendations that (1) plaintiff stated failure-to-protect claims against defendants C. Gray, Melero, and A. Murrieta; (2) plaintiff's remaining claims should be dismissed without prejudice; and (3) plaintiff should be granted leave to amend the complaint. ECF No. 11.

      Thereafter, on May 14, 2019, plaintiff filed his first amended complaint, ECF No. 12, which is now before the court for screening under 28 U.S.C. § 1915A. The court finds that plaintiff has stated cognizable (1) failure-to-protect claims against defendants C. Gray, Melero,

and A. Murrieta; and (2) state-law negligence claims against defendants C. Gray, Melero, and A. Murrieta. Accordingly, the court will vacate the May 14, 2019 findings and recommendations and authorize service of the first amended complaint.

## I. SCREENING AND PLEADING REQUIREMENTS

A district court is required to screen a prisoner's complaint seeking relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

## II. FIRST AMENDED COMPLAINT[1]

At all times relevant to the complaint, plaintiff was incarcerated at California Substance Abuse Treatment Facility - Corcoran ("SATF") in Corcoran, California. ECF No. 12 ¶ 13. He names three defendants, all of whom worked at SATF: correctional lieutenant C. Gray, correctional sergeant Melero, and correctional officer A. Murrieta. *Id.* ¶¶ 14-17.

Plaintiff alleged that on August 9, 2017 at about 7:30 a.m., an inmate named Hill was "intoxicated and under the influence of illegally manufactured alcohol." *Id.* ¶ 21. Hill started fights with various inmates and insulted and slapped plaintiff. *Id.* ¶¶ 21-23. Correctional officers ultimately intervened and led Hill out of the building. *Id.* ¶ 22. As Hill was being escorted away, he told plaintiff that "he was coming back for him specifically while making kicking gestures toward Plaintiff." *Id.*

After Hill had been removed, defendants Gray and Melero interviewed plaintiff. *Id.* ¶ 23. "Plaintiff informed them that he felt threatened by Hill and that his return to the housing unit would create risks of harm." *Id.* Defendants responded that Hill would not be returned to plaintiff's housing unit. *Id.* Nonetheless, at about 11:00 a.m., plaintiff learned that Hill had returned to the housing unit. *Id.* ¶ 24. Plaintiff saw Hill once again creating "chaos" and notified the correctional officers who sounded an alarm. *Id.* "Plaintiff complied with the Get Down rules and sat down where he was with his back to a wall." *Id.*

Defendant Murietta took Hill into custody and attempted to escort him out of the building. *Id.* ¶ 26. "Instead of clearing a safe path out of the building, Defendant Murietta led Hill directly to where Plaintiff was seated." *Id.* Hill broke free from Murietta and kicked plaintiff's head, causing injuries. *Id.* ¶¶ 27-31.

Plaintiff brings claims against all defendants for failure to protect in violation of the Eighth Amendment and for negligence under state law. *Id.* at 7-10. Plaintiff seeks money damages. *Id.* at 10-11.

---

[1] The court draws the facts of this section from plaintiff's first amended complaint, ECF No. 12, and accepts them as true for screening purposes.

3

### III. DISCUSSION

#### A. Requirements Under 42 U.S.C. § 1983

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018). As for the second method, the plaintiff can establish a causal connection by showing that the defendant "set[] in motion a series of acts by others, or by knowingly refus[ing] to terminate a series of acts by others," which the defendant "knew or reasonably should have known would cause others to inflict a constitutional injury." *Id*.

Defendants are state-prison employees who, accepting plaintiff's allegations as true, can be inferred to have acted under color of state law. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))). Plaintiff has plausibly alleged that each defendant personally participated in or caused the alleged deprivation. Plaintiff alleges that Gray and Melero permitted Hill to return to plaintiff's housing unit and that Murietta allowed Hill to break free and attack plaintiff. *Id.* ¶¶ 26-30, 43-44. The remaining question is whether defendants' alleged actions (1) violated federal law and (2) constitute a viable claim under state law.

#### B. Failure to Protect in Violation of the Eighth Amendment

Plaintiff brings claims against all defendants for failure to protect in violation of the Eighth Amendment. ECF No. 12 at 7-10. "Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see also Farmer v.*

4

*Brennan*, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must prove that prison officials were "deliberately indifferen[t]" to serious threats to his or her safety. *See Farmer*, 511 U.S. at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to an inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (explaining that subjective deliberate indifference standard under the Eighth Amendment is well established). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *See Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995).

Here, accepting plaintiff's allegations as true, the court finds that plaintiff has stated cognizable Eighth Amendment failure-to-protect claims against each defendant. Gray and Melero were aware that Hill posed a threat to plaintiff yet nonetheless permitted Hill to return to plaintiff's housing unit. ECF No. 1 ¶¶ 43-44. Murrieta likewise put plaintiff in harm's way by failing to assume sufficient control of Hill as he escorted Hill by plaintiff. *Id.* ¶ 47. As a result of Defendants' actions, Hill injuring plaintiff. *Id.* ¶¶ 27-30.

### C. Negligence

Plaintiff brings claims against all defendants for negligence under state law. ECF No. 12 at 7-10. The California Government Claims Act requires that a tort claim against a public entity or its employees be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim and action on or rejection of the claim are conditions precedent to suit. *DiCampli-Mintz v. Cnty. of Santa Clara*, 55 Cal.4th 983, 989-90 (2012); *see also Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with California's Government Claims Act. *DiCampli-Mintz*, 55 Cal. 4th at 990; *see also Mangold*, 67

F.3d at 1477. Here, plaintiff has alleged compliance with California's Government Claims Act. ECF No. 12 ¶¶ 11-12.

We next consider whether plaintiff has alleged facts sufficient to satisfy each element of a negligence claim under California law. California Civil Code § 1714(a) provides:

> Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or herself.

Cal. Civ. Code § 1714(a); *see also Santos ex rel. Santos v. City of Culver City*, 228 Fed. Appx. 655, 658 (9th Cir. 2007) ("California Civil Code § 1714 . . . codifies the common law duty to act with reasonable care."). The elements of a claim for negligence are "(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." *Ladd v. Cty. of San Mateo*, 12 Cal. 4th 913, 917-18 (1996) (internal quotes and citations omitted).

Here, plaintiff has alleged facts sufficient to satisfy each element of a negligence claim under California law. Plaintiff alleges that each defendant had a duty, ECF No. 12 ¶¶ 59-60; each defendant breached their duty, *id.* ¶ 61; and the breaches caused plaintiff harm, *id.* ¶¶ 62-64.

### IV. CONCLUSION AND ORDER

Based on the foregoing, it is hereby ordered that:

1. The May 14, 2019 findings and recommendations, ECF No. 11, are vacated.
2. This action proceeds on plaintiff's first amended complaint, ECF No. 12, in which plaintiff has stated the following claims:
   a. failure-to-protect claims against defendants C. Gray, Melero, and A. Murrieta; and
   b. state-law negligence claims against defendants C. Gray, Melero, and A. Murrieta.

3. The court will direct service on three defendants, all of whom are or were employed at the California Substance Abuse Treatment Facility - Corcoran ("SATF") in Corcoran, California:
   a. correctional lieutenant C. Gray;
   b. correctional sergeant Melero; and
   c. correctional officer A. Murrieta.
4. The clerk of court shall send plaintiff three USM-285 forms, three summonses, a Notice of Submission of Documents form, an instruction sheet, and a copy of the first amended complaint filed on May 14, 2019, ECF No. 12.
5. Within thirty days of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed notice to the court with the following documents:
   a. A completed summons for each defendant;
   b. a completed USM-285 form for each defendant; and
   c. four copies of the signed first amended complaint filed on May 14, 2019, ECF No. 12.
6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the U.S. Marshals Service to serve the above-named defendants under Federal Rule of Civil Procedure 4 without payment of costs by plaintiff.
7. Plaintiff's failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   May 20, 2019

_____
UNITED STATES MAGISTRATE JUDGE